**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 24-4486**

_____

UNITED STATES OF AMERICA,

Plaintiff – Appellee,

v.

JONATHAN CRAIG OTUEL,

Defendant – Appellant.

_____

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte.  Max O. Cogburn, Jr., District Judge.  (3:21-cr-00199-MOC-DCK-1)

_____

Argued:  December 10, 2025                    Decided:  January 21, 2026

_____

Before KING, HARRIS, and QUATTLEBAUM, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**ARGUED:**  William Robert Terpening, TERPENING LAW, PLLC, Charlotte, North Carolina, for Appellant.  Amy Elizabeth Ray, OFFICE OF THE UNITED STATES ATTORNEY, Asheville, North Carolina, for Appellee.  **ON BRIEF:**  Russ Ferguson, United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Charlotte, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In this appeal from the Western District of North Carolina, defendant Jonathan Craig Otuel challenges his criminal judgment of conviction. *See United States v. Otuel*, No. 3:21-cr-199 (W.D.N.C. Sept. 3, 2024), ECF No. 95 (the "Criminal Judgment"). Otuel was convicted by a jury in August 2023 of drug trafficking conspiracy, in contravention of 21 U.S.C. §§ 841(b)(1)(A) and 846; possession with intent to distribute methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A); and possession of a firearm in furtherance of a drug trafficking offense, in contravention of 18 U.S.C. § 924(c). He had pleaded guilty pre-trial to possession of a firearm as a prohibited person, in violation of 18 U.S.C. § 922(g)(1). Ultimately, the district court resolved to impose on Otuel an 181-month aggregate sentence of imprisonment, followed by 5 years of supervised release.

On appeal, Otuel maintains the district court made several fatal errors related to his prosecution, convictions at trial, and sentences. Specifically, Otuel argues that: (1) the court erred in denying his pre-trial motion to dismiss the indictment or suppress certain drug-related evidence, on grounds of improper destruction thereof by the government; (2) the court erred during and after trial by refusing to dismiss all counts submitted to the jury on insufficiency-of-evidence grounds; (3) the court otherwise erred post-trial in denying his Rule 29 motion for judgment of acquittal on the § 924(c) offense; and (4) the court erred at sentencing by attributing to him the previously-destroyed drug evidence.

Having carefully assessed the record on appeal — as well as the various appellate submissions of the parties and the able arguments of counsel in Richmond — we discern

2

no reversible error as to any of the court's rulings.  Rather, we are of opinion that the well-seasoned district judge carefully and thoroughly analyzed the contentions interposed by Otuel, and that the court disposed of each of them on sound and legally correct bases.

Pursuant to the foregoing, we are satisfied to reject each of Otuel's appellate contentions and affirm the Criminal Judgment.

*AFFIRMED*